PIERSON v. RICHARDSON. See Case No. 13,743.

PIGNEL (UNITED STATES v.). See Case No. 16,049.

———

## Case No. 11,161.

### PIGOU v. FRENCH.

[1 Wash. C. C. 278.]¹

Circuit Court, D. Pennsylvania. April Term, 1805.

PRINCIPAL AND SURETY—RECOVERY BY SURETY—PAYMENT.

One who has become surety for another, cannot recover the amount of his responsibility,

———

² [2 Liv. Law Mag. 703, gives "not."]
¹ [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

without showing that he had paid it, before action brought.
[Cited in Edgerly v. Emerson, 23 N. H. 560.]

The plaintiff proved his account, by evidence of the defendant's acknowledgment of all the items; but, two of them were for the plaintiff's guarantees for the defendant's engagements in England, in which the plaintiff, as his surety, had become liable to pay before the bringing of this action: but, no proof of payment was offered, and the plaintiff's counsel insisted, that the jury ought to presume it. The defendant had endorsed to the plaintiff a bill of exchange, endorsed to him by Dusar; which the plaintiff, by the endorsement, was to receive for the use of the defendant. The plaintiff had brought suit on the bill, but had not received the amount. The defendant insisted, that the plaintiff, not having returned the bill, he was entitled to a credit for the amount.

WASHINGTON, Circuit Justice. The plaintiff cannot recover the two sums for which he became surety for the defendant, without showing that he had paid them before action brought; and, the jury ought not to presume it, from the circumstance of his having before become liable to pay, and the good character of the plaintiff. Indeed, the presumption would be otherwise; since his liability arose in October, and, if he had paid those sums, it would have been easy to prove it at this day. As to the bill of exchange, the plaintiff holds it as an agent and creditor of the defendant; and so it is plain that the plaintiff understood it. It is a collateral security, which he is entitled to retain; and, he will not be accountable for the amount of it, until he has received it.