## Bonney *vs.* Seely, impleaded with Starks.

This was an action of *assumpsit*, tried at the Tompkins circuit, in June, 1828, before the Hon. Samuel Nelson, one of the circuit judges.

Under a bill of particulars claiming to recover as for money paid, evidence that the plaintiff has paid a debt of the defendant, for which he was responsible, by the conveyance of *land* accepted in satisfaction of the debt, is admissible.

A surety extinguishing a debt by the payment of only *one half* its amount, is not entitled to recover more from his principal than the amount *actually paid*.

Where a surety to a note is subjected to costs in consequence of its non-payment by the principal, and there is an agreement in writing to save him harmless, he is entitled to recover the costs so paid by him in an action against the principal.

The declaration contained the common money counts. The plaintiff had given a bill of particulars, in which he claimed to recover for *money* paid by him for the defendants, in consequence of having joined with them in making a note for $300 for their accommodation, and which he had been compelled to pay. The note, and an agreement by the defendants to save the plaintiff harmless from the payment thereof, were produced. A judgment was obtained by the holders of the note against the plaintiff in this suit for $401 61, which was satisfied by the plaintiff by the conveyance of a lot of land, the consideration expressed in which was $548, 31. This evidence of payment in *land* instead of *money* was objected to as variant from the bill of particulars, but was received by the judge. The defendants offered to prove that the land conveyed by the plaintiff in satisfaction of the judgment, was not of value equal to the amount of the note and the interest thereon ; which testimony was rejected by the judge, who charged the jury that the plaintiff was entitled to recover the amount of the note with the interest thereof, but not the costs of the suit against him. The jury found accordingly.

*J. A. Collier*, for defendant, moved to set aside the verdict, and for a new trial.

*J. A. Spencer*, for plaintiff.

*By the Court*, SAVAGE, Ch. J. It was decided in *Ainslee* v. *Wilson*, (7 *Cowen*, 668,) that the conveyance of land received in discharge of a money debt due from the plaintiff is, in judgment of law, to be considered the same thing as if the plaintiff had actually paid money. So in *Randall* v. *Rich*, (11 *Mass. R.* 498,) Parker, Ch. J. says, in a similar case, as to this point, " The satisfaction of the execution ought to be considered as a payment of the debt in *money ;* and although land is taken, it is taken at money's worth ; and the debt which might have been exacted in money at all events has been discharged." These cases settle the question that the payment of the debt of the defendants in land is sufficient to sustain the action for *money paid*.

In my opinion, also, the plaintiff should have been allowed to recover the costs. There was an agreement in writing to save him harmless. There was no fault on his part, as between these parties, in not paying the note. It was not expected that he would pay it; and he should have been indemnified by recovering his costs as part of the money paid.

The second point is, in my judgment, in favor of the defendants. If the plaintiff had paid the defendants' debt by paying *half* the amount, can he recover *the whole* from the defendants? I think not. He is entitled to recover the *amount paid*, not the amount extinguished by that payment. In this there was an error.

A new trial is granted; the costs to abide the event.