Jeffers & Hackett v. Johnson.

## JEFFERS & HACKETT v. JOHNSON.

1. In action on covenant to indemnify and save harmless sureties from all damages, costs and charges which they may be put to, or called upon to pay on account of being security and plea, *non damnificatus*, in order to recover *actual* damage must be proved.

2. Judgment recovered against sureties without proof of payment thereof, or of costs or expenses, not sufficient.

3. It appears where counter-bond or covenant to surety is for performance or payment by principal of the matter for which surety is bound, their action can be maintained by surety on failure of principal to perform, without actual damage to surety.

In covenant. The plaintiffs were sureties upon the official bond of H. H. Elwell formerly Post Master at Salem in this State. Johnson, the defendant in this action, the father-in-law of Elwell, gave the plaintiffs a covenant of indemnity, against all damages, costs and charges which they, the said Jeffers and Hackett, might incur on account of their said liability, after the date of the covenant.* Elwell became a defaulter to the government, suit was consequently brought on his bond and judgment recovered against him and his sureties, the present plaintiffs. The sureties then brought this action against Johnson on his covenant of indemnity, and the cause came on for trial before Mr. Justice CARPENTER at the Salem Circuit, June 1845, when a verdict was rendered for the defendant. A rule was taken to set aside the verdict, upon grounds which will sufficiently appear in the opinions delivered.

* See covenant stated at large, 3 *Harr. R.* 382.

Argued before NEVIUS, WHITEHEAD and RANDOLPH, J. J.

*Jeffers* and *J. S. Green* for the plaintiffs in support of the rule.

*J. Q. C. Elmer* contra.

WHITEHEAD, J. The declaration in this case is upon a covenant to indemnify and save harmless the plaintiffs, who are sureties for Henry H. Elwell, late Post Master in Salem in this state, for the faithful discharge of his duties as Post Master, from all damages, costs and charges which they may or shall be put to, or any wise called upon to pay, for or on account of being security as aforesaid, from and after the date of the covenant.

On the trial of the cause at the Circuit, the plaintiffs, after proving the execution of the covenant by the defendant, offered and read in evidence a record of a judgment in the District Court of the United States for the District of New Jersey in the case of the *United States* v. *Henry H. Elwell, Post Master, &c.* of the term of September 1837. Also the record of a judgment in the same Court in the case of the *United States* v. *Henry H. Elwell*, and these plaintiffs his sureties, of the term of September 1838. Upon this evidence the court charged the jury that in order to recover on this covenant of indemnity, the plaintiffs must shew they have been compelled to pay the debt against which the covenant was intended to indemnify. A verdict having been rendered for the defendant on the giving in of the postea, a rule to shew cause was taken why the verdict should not be set aside for the misdirection of the judge. There were other questions raised by counsel upon the argument of the rule, but it is unnecessary to express an opinion upon them, for if the judge was right in his views of the law, no recovery can be had by the plaintiffs in this action.

The question is raised, whether under the terms of this covenant, the sureties are bound to pay before they can maintain an action thereon. It was not denied but that *non damnificatus* was a good plea in the case; and the defendant having interposed it, does it not throw upon the plaintiffs the burthen of proving actual damage? There is a clear distinction in the books between a case of indemnity only, and a case of a surety who being

Jeffers & Hackett v. Johnson.

bound for payment of money by the principal has a counterbond from the principal to save him harmless—conditioned for the payment at a given day of the same or a sum of money. In the former case, the surety to maintain his action upon the indemnity must prove actual damage ; while in the latter, the failure of the principal to pay on the day named in the original bond, is a forfeiture of the counter-bond, though the surety be not otherwise damnified. *Pitman on Principal and Surety*, 126–7 ; *Penny* v. *Foy*, 8 *B. and Cress.* 11 ; *Holmes* v. *Rhodes*, 1 *Bos. and P.* 638.

I regard this as a case of mere indemnity in which *non damnificatus* was a good plea, and that the plaintiffs in order to a recovery against their principal were bound to prove actual damage. Although a judgment had been recovered against them, there was no evidence that they had paid any thing, or that they were put to any expense in defending the suit.

The plaintiffs rely upon the case of *Rockefeller* v. *Donnelly*, 8 *Cowen* 628, and the case of *Chase* v. *Hinman*, 8 *Wendell*, 452, as sustaining this action. The doctrine laid down by the Court in 8 *Cowen* has been very properly overruled by the Supreme Court of New York in *Aberdeen* v. *Blackmar*, 6 *Hill* 324. And in reference to the case of *Chase* v. *Hinman*, it is said in 6 *Hill* that the court in that case was somewhat influenced by the decision of the Court of Errors in *Rockefeller* v. *Donnelly*. Admitting, however, the case of *Chase* v. *Hinman* to be law, it is clearly distinguishable from the one now before the court, as the indemnity in that case was against *any liability* for damages or expenses.

In my opinion the charge of the Judge was right, and the rule to show cause should be discharged.

NEVIUS, J. concurred.

RANDOLPH, J. The only point in this cause necessary to be decided is whether the plaintiffs can maintain their action on the defendant's covenant to them to " indemnify and save them harmless from all damages, costs and charges which they the said W. N. J. and J. H. may or shall be put to, or any wise called upon to pay for or on account of being security " for one Henry H. Elwell as Post Master, &c. On the trial the plaintiffs prov-

ed a judgment obtained against them in the United States District Court on the Post Master's bond, and what would be reasonable retaining and trial fees for counsel in the District Court. And the judge who tried the cause charged the jury "that in order to recover on this covenant of indemnity, they must show that they have been compelled to pay the debt against which the covenant was intended to indemnify." There can be no doubt but the charge was correct—the surety must pay the debt before he can recover against the principal, 1 *Wash. C. C.* 278 ; 10 *Pick.* 34 ; 8 *East.* 242 ; 6 *Greenlf.* 79 ; 7 *John. R.* 358 ; 4 *Mass.* 627 ; 14 *John. R.* 177. The same doctrine is recognized in *Chace* v. *Hinman,* 8 *Wend.* 452, cited for the plaintiff, *Aberdeen* v. *Blackwell,* 6 *Hill,* 324, not only questions the case of *Rockefeller* v. *Donnelly,* 8 *Cowen,* 623, relied on for plaintiff ; but expressly decides the very point in controversy in this case. That was an action on an indemnity, and the plaintiff showed that judgment thereon had been recovered against him, but did not show that he had paid any part of it, or been subject to loss or expense—and it was held that plaintiff could not recover.

In the present case the jury rendered a verdict for the defendant, and I think correctly. There was no proof of payment, or of actual damage. The covenant is not to pay money at a certain time, 2 *T. R.* 100 ; 8 *Bar. & Cress.* 11 ; but is to indemnify and save harmless from paying. So that a mere liability, or even a judgment for debt and costs will not be sufficient to maintain an action for breach of covenant. The plaintiff was bound to prove an actual payment before he would be entitled to recover, and then only for the amount of payment or actual damage, 2 *Wend.* 481. In *Bullock* v. *Lloyd,* 2 *Car. & Payne* 119, the suit was brought at defendant's request on a promise to pay the costs. This case would not have supported the verdict, had it been for the plaintiffs in the cause to the amount of the costs and interest. The rule for a new trial must therefore be discharged.

The CHIEF JUSTICE who had been concerned as counsel, and CARPENTER, J. who did not hear the argument, expressed no opinion.

Rule discharged.