## Eaton v. Lambert.

1. SURETY. A surety paying a judgment recovered against himself and his principal, may, in an action brought by him thereon against his principal, recover what he has actually paid to satisfy the same, with legal interest and no more.

2. PARTIES. In an action brought upon a judgment against a principal debtor, in behalf of a surety who has paid off and satisfied the same, and taken an assignment thereof, the original plaintiffs are not proper parties.

The facts fully appear in the opinion of the court. .

LAKE, J.

This cause comes into this court from the late Territorial District Court for Cass. county.

The action was originally brought by one of the defendants in error, Charles Hasty, against the plaintiff in error, upon a transcript of a judgment rendered by the Court of Common Pleas of Lucas county, Ohio, on the 28th of June, 1847, in favor of Lambert and Edmonds, against said plaintiff in error and said Hasty, which judgment having become dormant, was revived by Lambert and Edmonds in said court, on the 12th day of December, A. D. 1864, in which judgment of revivor said Eaton was declared to be the principal debtor, and Hasty merely his surety for its payment.

In the original petition filed by Hasty, he alleges that on the 13th day of December, 1864, he paid to Lambert and Edmonds the sum of $1,146.24, in full satisfaction of the amount due on said judgment, and took from them an assignment of all their interest therein. To this petition Eaton filed a demurrer, on the ground that there was a defect of parties plaintiff, which was sustained, and thereupon an amended petition was filed, bringing in Lambert and Edmonds as parties plaintiff with Hasty. We fail to

see any good reason for sustaining this demurrer, but the judgment of the court was acquiesced in and the amendment made. Although Lambert and Edmonds are made parties plaintiff in the amended petition, there is nothing to show that they have the least interest in the subject of the action. Nevertheless, an answer was filed by Eaton and trial had, with verdict in favor of, Hasty alone against Eaton, for the full amount claimed. A motion for a new trial was made by Eaton, which was overruled, and a judgment rendered on the verdict in favor of all the plaintiffs, to reverse which the case is brought here.

The first error, in the order of their assignment, is that the court erred in the instructions given to the jury, which were as follows:

"That if the jury, from the evidence, either find that the judgment set up in plaintiff's petition  *  *  has been assigned to said Charles Hasty by the said plaintiffs, George G. Lambert and William O. Edmonds, or that the said Charles Hasty has paid the amount due on the same to said Lambert and Edmonds, or their duly authorized agents, they will find for plaintiffs. In the former case he would be entitled to recover the full amount of the judgment. In the latter case he would be entitled to recover the amount he had paid, with interest," etc.

The record before us contains none of the evidence, consequently we are entirely uninformed as to what proportion of the entire judgment Hasty actually paid to satisfy it. It is, however, but reasonable to infer that it was something less than the whole amount due thereon, or this instruction would be absolutely meaningless. By his own showing Hasty was the surety of Eaton in this transaction, and, as such surety, he paid a certain amount to Lambert and Edmonds, " in full satisfaction" of this judgment, and thereupon took to himself an assignment in writing of all their interest therein. Under this state of facts the court

Eaton *v.* Lambert.

instructed the jury that Hasty was entitled to recover from Eaton the whole amount called for by the judgment, regardless of the sum paid to Lambert and Edmonds in satisfaction thereof. This instruction was erroneous and calculated to prejudice the rights of Eaton. The jury should have been told, under this state of facts, that Hasty was entitled to recover only so much as he actually paid, not exceeding the whole amount due on the judgment, with interest.

It is evident, from this record, that Lambert and Edmonds have no interest in this controversy and ought not to have been made parties plaintiff. The pleadings should be so reformed as to bring before the court those only who are necessary parties, to the end that the issues to be tried may be made just as simple and distinct as possible.

The judgment of the court below is reversed, and the cause remanded to the court below for a new trial, with leave to both parties to amend their pleadings.

Judgment reversed.