C. W. BATSELL ET AL. V. THOMAS RICHARDS ET AL.

No. 7003.

80   505
88   434

1. **Sureties of Executor—Liability.**—In a suit by or in behalf of all the creditors of an estate against an executor and his sureties after his removal from the trust, *held*, that the sureties were liable for all the assets that came into the hands of the executor and not accounted for, except that such rule may be varied by the sureties taking up a claim or claims against the estate.

2. **Partnership Debts—Subrogation.**—Deceased and his executor were partners. The executor inventoried one-half of the firm property, the only assets. Firm and individual debts were probated, the firm debts largely in excess of assets. The executor was removed. Suit in behalf of creditors against executor and sureties. Pending suit the sureties settled the largest claim at a payment less than the pro rata share of the claim even if the firm and individual claims all had been taken into account. *Held:*

   1. Whatever rights resulted to the sureties from such payment came through the equitable principle of subrogation, which gives indemnity but no more.

   2. The court properly restricted the credit to the liability to the amount actually paid by the sureties in the settlement of the claim. That more would have been recovered upon the claim but for this action can not confer upon them a right to more than indemnity.

3. **Liability of Sureties.**—The liability of the sureties being for the amount of assets not accounted for, and such liability not being changed in amount by the court including both firm and individual claims in his distribution of the assets, the sureties can not question the legality of such distribution.

APPEAL from Grayson. Tried below before Hon. T. J. Brown, Special District Judge.

The opinion gives a statement.

*Hare, Edmondson & Hare,* for appellants.— 1. Partnership creditors must be first paid out of partnership assets before individual creditors of either partner can receive any share in such fund. De Caussey v. Bailey, 57 Texas, 665; Converse v. McKee, 14 Texas, 30; Rogers v. Nichols, 20 Texas, 726; Poll. on Part., 128, 131; 2 Lind. on Part.,*1045; Crow v. Weidner, 36 Mo., 412.

2. A surety may purchase his discharge without in any respect releasing his principal. McIlhenny Co. v. Blum, 68 Texas, 197.

*W. W. Wilkins,* for appellees.—1. In order that the partnership creditors of Tarr & Newcome should have the right to prior payment over the individual creditors of Tarr, the copartnership must have been insolvent. De Caussey v. Bailey, 57 Texas, 665.

2. The partnership creditors of Tarr & Newcome had no lien on the effects of the copartnership for their debts. Their only right to have the partnership property first applied to the payment of their debts must have come through Newcome—that is, they must have derived such right through Newcome's right to have the partnership property

first applied to the partnership debts.   Newcome had no such right, because he appropriated one-half of the partnership property after Tarr's death to his own use.   Case v. Beauregard, 99 U. S., 371; Fitzpatrick v. Flanagan. 106 U. S., 213; Sanders ·v. Reilly, 105 N. Y., 12; 2 Lind. on Part., 2 ed., *698.

3.   Appellants having paid the claim of the estate of Richards in full, thereby relieving the estate of Tarr therefrom as well as Newcome, they were entitled only to a credit for the amount actually paid out in liquidation of the Richards claim.   Chevallier v. Wilson and Wife, 1 Texas, 177; 2 Pome. Eq., secs. 1075, 1077; Perry on Trusts, secs. 209, 427, 431, 538.

STAYTON, CHIEF JUSTICE.—It appears that W. E. Tarr and T. J. Newcome were partners in a mercantile business, and that the former died on January 4, 1874, the firm at that time being solvent, although considerably indebted.   Newcome administered on the estate of Tarr, which consisted solely of his interest in the firm assets, and after appropriating one-half of the entire assets of the firm to his own use, Newcome inventoried the residue as property of the estate of Tarr.

Appellants Batsell and Dugan became sureties on the bond executed by Newcome as administrator, who continued to act until April 2, 1883, when he was removed from the administration, and no other person was appointed in his stead.

Pending the administration, creditors of the firm as well as the creditors of Tarr individually presented and had probated their several claims, and of the firm debts so probated was one in favor of the estate of J. C. Richards, deceased, which amounted to $5901.93.

At the time Newcome was removed from the administration he had received of Tarr's estate property and money which, with interest on it to date of trial, amounted to $4054.10.

This suit was by or in behalf of all creditors of Tarr's estate, including partnership as well as all other creditors, and brought against Newcome and his sureties Batsell and Dugan to recover for the benefit of all creditors the value of the assets of Tarr's estate unaccounted for by Newcome.

There is no question raised as to parties, and it was agreed that there was no necessity for administration on Tarr's estate after the removal of Newcome.

Pending the litigation the sureties Batsell and Dugan, as found by the court, "paid off and discharged the interest of the estate of J. C. Richards in the subject matter of this suit, paying said estate $1880.10, and said estate now has no interest in this suit."

There being no controversy as to the amount of each claim the court adjudged that the executors of the will of J. C. Richards take nothing, fixed the liability of Newcome at $4054.10, and of this sum distributed

$2174 among the creditor's of Tarr's estate in proportion to their several claims, and therefor gave judgment against Newcome and sureties. The court further gave judgment in favor of the sureties against Newcome for the sum paid by them to Richards' estate, and made further provision for them as against Newcome on payment of the sum for which they were held liable to the creditors.

It will thus be seen that the court held the sureties liable to creditors of Tarr's estate for the assets unaccounted for by Newcome, less the sum they had paid in discharge of the claim held by Richards' estate, which would have been entitled to more than the sureties paid had the claim of that estate gone into the *pro rata* distribution.

The court gave no priority, in the distribution of the fund, to the claims of persons who were creditors of the partnership composed of Newcome and Tarr, and it is claimed that this was erroneous, as all the assets of Tarr's estate consisted of his interest in the partnership property.

We do not see that this question is of any importance under the facts of this case, and will therefore not inquire whether the facts would entitle partnership creditors to priority of payment.

As sureties on the administrator's bond appellants are liable for all the assets that came into his hands and have not been accounted for, except as this may be varied by the fact that they discharged, by a partial payment, the indebtedness of the estate to Richards' estate. The sureties discharged that debt, and did so by payment of a sum less than would have been the *pro rata* of Richards' estate had that claim not been settled, even if priority of payment over the individual debts of Tarr was not allowed. Whatever rights result to the sureties from the payment by them thus made come through the equitable principle of subrogation, which gives indemnity but no more. Martindale v. Brock, 41 Md., 571; Hall v. Creswell, 12 Gill. & J., 36; Bonney v. Seely, 2 Wend., 481; Miles v. Bacon, 4 J. J. Marshall, 458; Crozier v. Grayson, Id., 514; Eaton v. Lambert, 1 Neb., 339; Succession, 31 La. Ann., 707.

The judgment relieves the sureties from liability to the extent of the sum paid by them on the debt due Richards' estate, and for that sum with interest gave them right to execution against Newcome; and that, but for the relinquishment of the claim due that estate, it would have been entitled to a judgment against the sureties for more than they paid can not confer upon them as against any person a right to more than indemnity which has been awarded them.

The sum adjudged to all the creditors of the estate of Tarr added to the sum for which the sureties have judgment against Newcome, and for which they are not further held liable, equals the sum for which they were liable to creditors. Their exemption from liability would not in any manner be diminished if it was held that priority should have been given to partnership creditors, and it is a matter of indifference to

them how the money for which they are held liable to Tarr's estate is distributed among its creditors; for on payment of the sum adjudged against them the sureties go free from further demand on the part of that estate or its creditors if the facts agreed upon exist.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered April 14, 1891.