AMERICAN SURETY CO. v. FIRST NAT. BANK OF CORSICANA.

No. 908.

Court of Civil Appeals of Texas. Waco.

April 24, 1930.

Rehearing Denied May 15, 1930.

Richard & A. P. Mays, of Corsicana, for appellant.

Callicutt & Upchurch, and R. B. Molloy, all of Corsicana, for appellee.

GALLAGHER, C. J.

This appeal is prosecuted by American Surety Company, called appellant herein, from a judgment of the county court denying it a recovery as owner by assignment or subrogation of certain unpaid debts of the estate of Willis E. Osborne, deceased, against the First National Bank of Corsicana, Tex., called appellee herein, and J. A. Millerman,

for certain moneys belonging to said estate which appellant alleged appellee had received from Mrs. Zella H. Osborne, executrix of said estate, and wrongfully appropriated with full knowledge of such ownership.

The will of Willis E. Osborne was admitted to probate September 14, 1926. Mrs. Zella H. Osborne, alleged to have been his surviving wife, was duly appointed executrix, and gave bond as such in the sum of $6,000, with appellant as her surety. Shortly thereafter said executrix as such deposited the sum of $1,491.29 belonging to said estate in appellee's bank. Said money was deposited under an agreement between her, appellant, and appellee for the joint control thereof. By the terms of such agreement, the moneys so deposited were to be paid out by appellee only on checks signed by Mrs. Osborne as executrix and countersigned by one D. N. Rice, agent for appellant. Mrs. Osborne's attorney, also an appellee herein, in good faith induced appellant's said agent to countersign in blank four separate checks on said deposit. Said checks were intended to be used by the executrix in paying incidental costs and expenses attending the probating of said will and the opening of administration on said estate. Said executrix, without connivance, fraud, or negligence on the part of said Millerman, procured one of said countersigned checks. She filled the blanks in said check, making the same an order for the payment of the entire deposit to herself in her individual capacity. She presented the same, and appellee at her request transferred said deposit to her individual credit. She was at that time indebted to appellee in the sum of $253.20, evidenced by her promissory note and secured by the deposit of a diamond ring as collateral. She at the time of the transfer of said deposit to her individual credit, and as a part of such transaction, gave appellee her individual check for the amount of said note, and such check was charged to her individual account and paid out of the deposit so transferred. Appellee knew at the time it received said check that the money out of which it was paid had come directly from the trust funds theretofore on deposit to her credit as executrix.

The next day the sum of $1,238.09, the remainder of the money so transferred after deducting therefrom the amount of said check, was at the direction of Mrs. Osborne transferred from her individual account to her account as executrix. All the moneys deposited in said account were disbursed on checks properly countersigned by appellant's said agent, and no other complaint of such disbursement is made. Appellee was, according to the findings of the trial court, guilty of neither fraud nor wrong in said transactions. Nothing further with reference to

the administration of the estate of Willis E. Osborne is shown, except that said executrix was removed about eighteen months thereafter by an order of the county court.

J. O. Osborne thereafter brought suit against appellant as surety on her bond to recover the sum of $495.55 which he alleged was a valid claim against said estate. He further alleged that he presented his said claim to said executrix on or about the 30th day of January, 1927, and that on the 20th day of July thereafter it was by the probate court established and classified as a claim of the first class. He further alleged that said executrix had squandered the assets of said estate, that she had been removed as executrix, and was then a nonresident of this state. A similar suit was filed by Dr. L. E. Kelton to recover of appellant the sum of $316.50. The allegations of his petition were substantially the same as the allegations in the petition of said Osborne, with the exception that he nowhere alleged that his said claim was ever presented to the executrix or was ever established and classified by an order of the probate court. While said suits were pending, appellant paid or purchased the claims sued on by the respective plaintiffs in said suits. Said claims were valid and subsisting claims against said estate. Appellant by cross-action filed in each of said suits alleged that it had acquired by purchase and assignment the rights asserted by the plaintiff therein, and that because of its suretyship it had paid said claims. It made said bank and said Millerman parties to such suits, and each of them, and sought to recover of them the sums claimed in said suits by the plaintiffs therein, respectively. Such recovery was sought against the bank on the ground, in substance, that in accepting payment of its individual debt under the facts and circumstances hereinbefore recited it had participated in a wrongful application of said trust funds by said executrix; and against said Millerman on the ground that he acted fraudulently in procuring its agent to countersign said checks and permitting the same to come into the possession of said executrix by reason of which possession she was enabled to make application of a part of said funds to her individual indebtedness. Appellant prayed that all of the right and title asserted in said causes by the plaintiffs therein, respectively, be adjudged to be in it, and that it have judgment against said bank for the full amount of such trust fund which the evidence might show was applied by said executrix in discharge of her individual indebtedness thereto, and against said Millerman for its damages in the sum of $800. Said suits were consolidated and tried together before the court. The original plaintiffs, Osborne and Kelton, stated in open court that they had assigned and transferred their respective causes of action to appellant, and

they were at their own request dismissed with their costs. The court heard the evidence and rendered judgment that appellant, American Surety Company, take nothing herein, and that said bank and Millerman go thence without day. There is no statement of facts in the record, but the court at the request of appellant filed findings of fact and conclusions of law. The court's findings of fact are covered, in substance, by the recitals of fact hereinbefore made. While said Millerman was made a party to this appeal, none of the propositions presented by appellant assail the judgment in his favor.

### Opinion.

Appellant's propositions, considered collectively, assert that appellant was entitled under the findings of the trial court to a judgment against appellee for the sum of $253.20, the amount of the funds belonging to said estate applied by the executrix to the satisfaction of her individual debt. Appellant asks that the judgment of the trial court be reversed and judgment here rendered in its favor against appellee for said sum.

Appellee among other counter propositions, presents one in which it contends that the findings of fact made and filed by the trial court herein are insufficient to authorize appellant to maintain this suit or to support a judgment in its favor herein, and that the judgment should therefore be affirmed. Since such contention involves appellant's right to maintain this suit, if it is sustained, consideration of appellant's propositions will be unnecessary. There being no statement of facts in the record, we are necessarily limited in our consideration of the case made by appellant to such findings. None of the proceedings in the administration of said estate are reflected thereby. The court merely found that Mrs. Osborne was appointed executrix, that she qualified, and was subsequently removed. Appellant's assignors alleged that she had squandered the estate. No such finding was made by the court.

The removal of Mrs. Osborne as executrix did not establish that there was no further necessity for administration, nor in itself invest the trial court with authority and jurisdiction to complete the administration of said estate. Our statutes expressly provide for the appointment of succeeding administrators to the end that estates may be fully administered, and further provide that the administrators so appointed shall succeed to all the right, powers, and duties conferred by law upon the preceding executor or administrator, and that they shall administer such estate in like manner as if such administration was a continuation of the preceding one. Said statutes also provide that such administrator may sue and recover of the former executor or administrator and

his bondsmen for all the estate not properly accounted for by him. See, in this connection, Johnson v. Morris, 45 Tex. 463, 464–466; Martel v. Martel, 17 Tex. 392, 396, 397. In the case of Moore v. Hanscom, 101 Tex. 293, 106 S. W. 876, 108 S. W. 150, cited and relied on by appellant, the suit was prosecuted and recovery had for ·the funds shown affirmatively to have been misappropriated by the defaulting guardian by the duly appointed and qualified successor in such trust.

The only case we have found where creditors sued a defaulting administrator and the sureties on his bond for the value of the property misappropriated, and asked that the same be applied in satisfaction of their respective claims against the estate, is Batsell v. Richards, 80 Tex. 505, 16 S. W. 313 et seq. The plaintiffs in that case each held a claim against the estate which had been duly established and classified by an order of the probate court. The defaulting administrator, after having served as such for more than nine years, was removed by order of the probate court. The suit was by or for the benefit of all the creditors of the estate. There was no question as to parties raised, and it was agreed that there was no further necessity for administration. The exact amount misappropriated was affirmatively shown. During the pendency of such suit, the bondsmen had paid off and discharged "the interest" of one creditor in the subject-matter of the suit for less than such creditor would have been entitled to receive in a pro rata distribution of the recovery. The sureties were allowed credit on the judgment against them for only the amount actually paid on such claim, and not for the amount that would have been apportioned thereto had such claim remained in the hands of the original holder. Clearly, appellant's assignors in bringing their respective suits against it did not bring themselves within the precedents set by the decision in that case. Neither of them alleged that there was no necessity for further administration on the estate, nor that he was the only creditor. Osborne alone alleged that his claim had been established and classified by an order of the county court. Kelton made no such allegation.

Appellant alleged in its respective cross-actions that it had paid, purchased, and had assigned to it the claim of the original plaintiff in the case. The amount so paid for said claims, respectively, was nowhere stated. Appellant further alleged that said two claims were the only debts against said estate. The findings of the court are more indefinite than the allegations. There is no finding that there is no necessity for further administration on said estate, nor that said two claims were the only outstanding unpaid debts against the same. There is no finding that either of said claims has been in fact established and classified for payment by an order of the probate court. Neither is there any affirmative find-

ing of the amount due thereon, respectively, nor the amount paid by appellant therefor. If appellant was merely ·subrogated to the rights of its assignors, it was only entitled to actual indemnity, which was the amount paid for such claims. Batsell v. Richards, supra. Appellant nowhere in its pleadings asked to be subrogated to the rights of the estate against appellee, nor alleged facts which would entitle it to such relief. It was not entitled to such subrogation merely because it purchased or paid one or more claims against the estate. As a predicate for such claim of subrogation, it should have alleged the entire amount of funds belonging to said estate which had been misapplied or converted by the executrix, and that it had because of its suretyship paid and extinguished the estate's claim for reimbursement. It should have also procured affirmative findings supporting the allegations so made—all of which it wholly failed to do. Such was the showing made by the surety as a basis for its claim of subrogation in the case of United States Fidelity & Guaranty Co. v. Adoue & Lobit, 104 Tex. 379 et seq., 137 S. W. 648, 138 S. W. 383, 37 L. R. A. (N. S.) 409, Ann. Cas. 1914B, 667. See, also, Skipwith v. Hurt, 94 Tex. 322, 331 and 332, 60 S. W. 423; Shaw v. Dalston (Tex. Civ. App.) 18 S.W.(2d) 215, 221, par. 13 (writ refused); Fidelity & Deposit Co. v. Risien (Tex. Civ. App.) 284 S. W. 977, 980, par. 9.

Appellant, however, under the findings of the court, had acquired by assignment or subrogation all the rights of Osborne and Kelton as creditors of the estate and their respective claims became united in it. When no administration on an estate is in fact pending, and the sole necessity for administration is to secure the payment of a single claim, the courts have made an exception and permitted such claim to be enforced against the property of the estate in the hands of the heirs by a direct suit against them. The reason for such exception and its limitations are expressed by our Supreme Court in Zwernerman v. Rosenberg, 11 S. W. 150, as follows: "Our statutes, in case of the death of a person without leaving a will, cast the title of his property directly upon his heirs, subject, however, to administration for the payment of his debts. They provide that the remedy of creditors for the collection of their claims shall be by an administration in the county court. * * * If, however, there be but one creditor, the courts have allowed an exception, and have permitted him to sue the heirs, and to enforce his claim to the extent of the assets, subject to his debt, which have come into their hands. There is reason for the exception. No one being interested in the estate but the one creditor and the heirs, the rights of the parties may be adjusted in a direct ·suit, and there is no necessity for administration. In this case the plaintiff sought to bring himself within the exception, and alleged that he was the only creditor. This he failed to prove.

\* \* \* The allegation that the plaintiff was the sole creditor was necessary to enable him to maintain his suit. It was put in issue by the general denial, and when he failed to establish it his suit should have been dismissed. There are other questions in the case which are more difficult of determination; but, in view of the fact that the plaintiff failed to show his right to sue in the district court, we do not feel called upon to determine them."

See, also, in this connection, Green v. Rugely, 23 Tex. 539, 543, 544; Faulkner v. Reed (Tex. Com. App.) 241 S. W. 1002, 1006, pars. 4 and 5.

In said cases all the parties at interest were before the court and bound by the judgment rendered therein. We have found no case where a suit by a sole creditor of an estate to recover on a chose in action belonging thereto has been maintained notwithstanding no administration was pending. We see no reason, however, why the same rule should not be applied in such cases, provided that the heirs or devisees who are vested by law with the title to such chose in action, subject only to the rights of creditors, are made parties to the suit that they may have an opportunity to contest the claim of such creditor, and that they may be bound by such judgment as may be rendered therein.

The findings of fact of the trial court are to be regarded by this court as embodying, expressly or by implication, all the material facts shown by the evidence to exist. Erwin v. Curtis (Tex. Civ. App.) 5 S.W.(2d) 547, 548, par. 1 (writ refused), and authorities there cited. There is neither allegation nor finding that there is no necessity for further administration on said estate, nor that the claims asserted by appellant are the only unpaid claims against said estate. Such findings were necessary to show appellant's right to maintain this suit or recover herein. The court having refused to render judgment for appellant, the actual findings made and filed by the court must be construed in the light most favorable to appellee.

The judgment of the trial court is affirmed.