Millard L. DRAKE, Executor, Petitioner,

v.

TRINITY UNIVERSAL INSURANCE COMPANY and Ralph W. Currie, Respondents.

No. B–8869.

Supreme Court of Texas.

June 4, 1980.

Rehearing Denied July 9, 1980.

True & Zable, Roy J. True, Dallas, for petitioner.

Elliott, Churchill, Hansen, Dyess & Maxfield, Gary W. Maxfield and Arthur F. Sel-ander, Ralph W. Currie, Dallas, for respondents.

GREENHILL, Chief Justice.

This case primarily involves the question whether an attorney who is paid for legal services pursuant to a claim against an estate is liable to the estate for reimbursement when the court order requiring payment of his claim is reversed on appeal. The probate court held that the attorney was required to reimburse the estate after the order approving payment of his claim was reversed on appeal. The court of civil appeals reversed, holding that the attorney was entitled to keep the money, since he had earned his fee by rendering services to the administratrix in her individual capacity. 587 S.W.2d 458. Since we agree with the probate court's disposition of this question, we reverse the judgment of the court of civil appeals in this regard, and render judgment that the attorney be liable for reimbursement to the estate.

The instant dispute has had a long history in the courts of this state which must be set out to insure a full understanding of this appeal.

In 1968, Elizabeth Holt was appointed as administratrix for the Estate of Eugene Duncan in Texas. In New Hampshire, Millard Drake was appointed executor of the Duncan estate pursuant to a will that was probated in New Hampshire. Mr. Drake attempted to have the New Hampshire will admitted to probate in Texas as a foreign will. He also sought to have Ms. Holt removed as administratrix of Duncan's estate, but she resisted both efforts.

Ms. Holt hired Ralph Currie, an able attorney in Texas, to resist the application to probate the New Hampshire will. After one trial that was reversed on evidentiary grounds, *Holt v. Drake*, 505 S.W.2d 650 (Tex.Civ.App.—Eastland 1973, no writ), Duncan's will was admitted to probate, and Ms. Holt was removed as administratrix.

Before Ms. Holt was removed as administratrix, Mr. Currie filed a claim against the estate for "legal services rendered to the

estate."[1] His claim amounted to $12,000.00 for legal services, and $771.10 for the costs of appeal advanced by him in *Holt v. Drake*, cited above. Ms. Holt, as administratrix, was presented with this claim against the estate, and allowed it. Mr. Drake contested the payment of these fees from the estate, but the *probate court* entered judgment ordering Ms. Holt to pay the claim. From this order, Mr. Drake appealed. Mr. Drake, however, failed to file a supersedeas bond, and the estate paid Currie on the $12,771.10 claim.

In *Drake v. Muse, Currie & Kohen*, 532 S.W.2d 369 (Tex.Civ.App.—Dallas 1975), *writ ref'd n.r.e. per curiam*, 535 S.W.2d 343 (Tex.1976), the court of civil appeals reversed the judgment ordering the estate to pay Currie for his services in contesting the probate of the New Hampshire will. The basis of this reversal was the holding that Ms. Holt, *in her capacity as administratrix*, had no interest in contesting the probate of the will, since, under the facts of the case, the estate could have been preserved and protected just as well by the executor as by the administratrix. Accordingly, Ms. Holt's actions in defending the suit were undertaken in her individual capacity, and the legal expenses incurred were not properly charged to the estate.

On remand, Mr. Drake, now in the capacity of executor, sought reimbursement to the estate of the $12,771.10 previously paid to Currie. The probate court ordered that Ms. Holt and Mr. Currie make restitution and pay the money to the estate. Currie and Holt appealed, and the court of civil appeals reversed the cause, remanding it for an evidentiary hearing concerning the amounts that should be offset against the $12,000.00 owed to the estate.[2] *Currie v. Drake*, 550 S.W.2d 736 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.).

On hearing the evidence pursuant to this remand, the probate court held that Holt, Currie, and Trinity Universal Insurance Company,[3] Holt's surety, were jointly and severally liable for the $12,000.00 in attorney's fees paid to Currie for his legal services rendered in connection with the probate contest. The probate court also held that Currie was entitled to $5,000.00 for legal services that were properly chargeable to the estate. The probate court allowed Holt, Currie and Trinity Universal to offset the $12,000.00 judgment by the $5,000.00 amount to which Currie was entitled, and entered judgment for $8,671.00 (including interest) against Holt, Currie and Trinity Universal, jointly and severally.

The court of civil appeals reversed the probate court, and rendered judgment that (1) Holt was primarily liable for $12,000.00 plus interest; (2) Trinity Universal was secondarily liable for $12,000.00 plus interest; (3) Currie was not liable to the estate for the $12,000.00 paid to him from the estate; and (4) Currie was entitled to recover $5,000.00 plus interest from the estate for other legal services that he had rendered to the estate. 587 S.W.2d 458.

The issues that face this Court on appeal are: (1) whether Currie is liable to the estate for the $12,000.00 paid to him in connection with his legal services rendered during the probate contest, and (2) whether Trinity Universal is secondarily liable for Ms. Holt's erroneous payment of Currie's legal fees out of the estate. Ms. Holt has not appealed the imposition of liability on her, presumably since that liability was established previously.

We hold, for the reasons hereinafter stated, that Ralph Currie is liable to reimburse the estate for the $12,000.00 that he was

---

1. Mr. Currie's claim reads in part:

   "The claim is based upon legal services rendered to the estate. This claim is confined to legal services rendered in connection with opposition to an application filed by Millard L. Drake, a resident of Massachusetts, to probate, as a foreign will, a certain instrument of writing admitted to probate in the State of New Hampshire."

2. The $771.10 cost of appeal was held to be improperly assessed against Currie and Holt, who had won the appeal out of which these costs had arisen.

3. Trinity Universal was joined as a party for the first time on remand.

paid, and that Trinity Universal is secondarily liable for Ms. Holt's erroneous payment of these monies out of the estate.

### 1. *CURRIE'S LIABILITY*

In the instant case, Currie made a claim against the estate for $12,000.00 in connection with his legal services rendered in the contest of probating the foreign will. Ms. Holt, the administratrix, approved the claim. After a hearing contested by Mr. Drake, the trial court ordered Currie's claim to be paid. Subsequently, the order approving Currie's claim, and ordering its payment, was reversed. Currie has consistently denied any liability to reimburse the estate for the amounts paid pursuant to the reversed order.

Currie argued, and the court of civil appeals held, that he was not liable to the estate for the reimbursement of the $12,-000.00 since (1) he earned it, and (2) he was a third party in regard to the administratrix's request for his claim to be paid, and the probate court's order that he be paid. We disagree with these holdings, and reverse the judgment of the court of civil appeals in this regard.

In *Peticolas v. Carpenter*, 53 Tex. 23 (1880), this Court adopted the principle that: "Where a judgment for debt is reversed after it has been enforced by execution, and the case is finally decided in favor of the defendant, he is certainly entitled to restitution . . . ." 53 Tex. at 29. In *Peticolas*, this Court approved a judgment permitting the party winning on reversal to seek restitution from the person *to whom the money had been paid.*

This principle has been consistently reiterated over the years by the courts of this state. *See, e.g., Texas Land & Irrigation Co. v. Sanders,* 101 Tex. 616, 111 S.W. 648 (1908); *Cleveland v. Tufts,* 69 Tex. 580, 7 S.W. 72 (1888); *King v. Rubinsky,* 253 S.W.2d 937 (Tex.Civ.App.—Waco 1952, writ ref'd n.r.e.).

In *Cleveland v. Tufts,* cited just above, we declared that it "is settled that money paid upon a judgment afterwards reversed may be recovered by the party making the payment." 69 Tex. at 583, 7 S.W. at 74.

Once again, we approved recovery of the money from the person who had received the payment pursuant to the subsequently reversed judgment.

■ In the instant case, the probate court ordered that Mr. Currie receive from the estate the sum of $12,000.00 as compensation for his legal services *to the estate.* The estate paid this money to Currie. On appeal, this order was reversed. Under these circumstances, Mr. Currie was not a disinterested third party who can avoid reimbursing the estate. Rather, he was the claimant against the estate for whose benefit the order was rendered. Because it was this order approving his claim that was reversed, he is liable to the estate for reimbursement of the money paid to him.

Currie's argument that the $12,000.00 was earned by him due to the work performed for Ms. Holt misses the point. Merely because Currie may be entitled to recover for his services from Ms. Holt does not mean that he can recover, or retain the benefit of payment, from the estate. *Cf. Porter v. Marotta,* 267 S.W.2d 222 (Tex.Civ. App.—San Antonio 1954, no writ hist.). The estate has no interest in whether Currie is paid for services rendered to Ms. Holt in her individual capacity. Accordingly, the estate's funds must be returned, and Currie must look elsewhere for payment.

Finally, Currie argues that since Ms. Holt has been held to have received the benefit of this erroneous payment out of the estate, he cannot be held liable because he could have received no benefit from this payment. His argument is based on the thesis that only one party can benefit from such a payment pursuant to a judgment; thus, he cannot be ordered to reimburse the estate since Ms. Holt, and not he, benefited from this payment.

We disagree with this argument. More than one person can benefit from a single payment. In this case, Ms. Holt may have benefited in the payment of her personal debt to Currie. At the same time, Mr. Currie also received a benefit from the estate's payment of the claim; and he now

holds $12,000.00 that would not otherwise be in his possession.

## 2. *TRINITY UNIVERSAL'S LIABILITY*

Trinity Universal contends that it is not liable for the $12,000.00 paid from the estate to Mr. Currie pursuant to the probate court's order. Trinity contends that its liability under the bond is limited to situations where Ms. Holt breached her promise to "well and truly, faithfully perform . . ." those duties of an administratrix of the estate. In support of this position, Trinity argues that Ms. Holt's payment of the legal fees out of the estate pursuant to a court order that was not superceded, but was subsequently reversed, was fully consistent with her duties as administratrix of the estate. Thus, Trinity concludes that Ms. Holt has taken no action in contravention of her promise to faithfully perform her duties as administratrix. In the absence of any such breach of her duties, Trinity maintains that it cannot be held liable under its surety bond, even though Ms. Holt may be liable, in her individual capacity, to make restitution to the estate.

■ Since we believe that Ms. Holt's actions *after* the reversal of the judgment ordering payment of attorney's fees to Currie constituted a breach of her duty as administratrix of the estate, we disagree with Trinity Universal's contentions, and hold the surety to be liable under its bond. Section 222 of the Texas Probate Code provides that when the court orders someone removed from the position of representing the estate, that order "shall further require, as to all the estate remaining in the hands of a removed person, delivery thereof to the person or persons entitled thereto, or to one who has been appointed and has qualified as successor representative . . ." In the event that the removed representative fails to deliver all of the estate that has not been validly expended, then the successor "*may bring suit on the bond* or bonds of the predecessor in his own name and capacity, *for all the estate that came into the hands of the predecessor and has not been accounted for by him.*" Texas Probate Code section 225 (emphasis added). *Cf.*

*Ward v. Maryland Casualty Co.*, 140 Tex. 124, 166 S.W.2d 117 (1942); *Batsell v. Richards*, 80 Tex. 505, 16 S.W. 313 (1891); *Sargent v. Wallis*, 67 Tex. 483, 3 S.W. 721 (1887).

Thus, Ms. Holt had a duty as administratrix, arising at the time of her removal and continuing until the time of her final discharge, to deliver to Mr. Drake, as executor, all of the estate that had not been validly expended. It has been settled, in previous litigation, that the $12,000.00 paid from the estate to Mr. Currie was not a proper expense of the estate. Thus, the $12,000.00 was a part of the estate that Ms. Holt had the duty, as administratrix, to tender to her properly qualified successor. Ms. Holt, however, failed to deliver this money to Mr. Drake. By failing to deliver this money, Ms. Holt failed to fulfill those duties placed upon her as administratrix, and thus breached the conditions of the bond. Trinity Universal, as her surety, became liable for her failure to deliver the $12,000.00 that had been improperly paid from the estate. *See* section 225 of the Texas Probate Code.

■ Trinity Universal has also argued that the probate court lacked the power to exercise personal jurisdiction over the surety in this case, since the instant hearing was held pursuant to a remand in a prior case in which Trinity Universal was not a party. We do not pass upon this contention, as Trinity Universal failed to make any objection to the jurisdiction of the probate court, and thus waived any complaint concerning personal jurisdiction. We have long recognized that, while "[j]urisdiction of the subject matter exists by operation of law only . . . jurisdiction of the person can be conferred by consent or waiver." *Federal Underwriters Exchange v. Pugh*, 141 Tex. 539, 174 S.W.2d 598, 600 (1943). Furthermore, since the probate court had subject matter jurisdiction over the estate's claim against Trinity Universal pursuant to section 225 of the Texas Probate Code, the joinder of the surety in the instant hearing, in the absence of objection, did not constitute reversible error.

Accordingly, the judgment of the court of civil appeals is reversed only insofar as it failed to hold Currie liable for the $12,-000.00 paid to him from the estate. We render judgment that Currie is jointly liable, with Holt, for the reimbursement of the estate for the $12,000.00, plus interest. In all other respects, the judgment of the court of civil appeals is affirmed.