**J & J CONTAINER MANUFAC-
TURING, INC., Appellant**

**v.**

**CINTAS–R U.S., L.P., Appellee**

**NO. 01–16–00432–CV**

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued March 2, 2017

Robert Garcia, Houston, TX, for appellant.

Allen D. Russell, Houston, TX, for appellee.

Panel consists of Justices Massengale, Brown, and Huddle.

## OPINION

Rebeca Huddle, Justice

In the first appeal in this case, this court reversed a default judgment on which Cintas–R U.S., L.P. had already executed—to the tune of about $19,000—and remanded

for further proceedings. Before any further proceedings took place, Cintas, which still had the $19,000, nonsuited its claims. J & J Container Manufacturing, Inc. contends that the trial court abused its discretion by dismissing the case and by denying its motion for new trial because, in light of our reversal, Cintas was not entitled to keep the $19,000 without pressing and prevailing on its claim.

We agree that the trial court abused its discretion when it denied J & J's motion for new trial. Accordingly, we reverse and remand so that the trial court may consider J & J's right to restitution of the $19,000 and any other matter raised by parties' pleadings, and then enter a judgment consistent with this opinion.

## Background

The trial court entered a default judgment in favor of Cintas on its breach-of-contract claim against J & J. J & J only became aware of the judgment, however, when a constable executed a writ of execution. The constable collected $19,288 from J & J, which then filed a restricted appeal contending that the trial court's judgment was void due to lack of proper service. This court agreed with J & J, reversed the default judgment, and remanded the case for further proceedings. *See J & J Container Mfg. v. Cintas–R U.S.*, No. 01-14-009330-CV, 2015 WL 5829667, at *4 (Tex. App.–Houston [1st Dist.] Oct. 6, 2015, no pet.) (mem. op.).

On remand, Cintas filed a notice of nonsuit and the trial court entered an order of dismissal. J & J filed a motion for new trial, in which it argued that the trial court should not have dismissed the suit because doing so allowed Cintas to retain the $19,288 it collected from J & J before the default judgment was reversed. Cintas opposed J & J's motion for new trial on the basis that it had an unconditional right to nonsuit its claim and that doing so disposed of all claims and parties. The trial court held a hearing on the motion at which it declined to order a new trial. But the trial court did not enter a written order, and J & J's motion for new trial was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c).

## Discussion

J & J contends that the trial court abused its discretion by dismissing the suit without requiring Cintas to return the $19,288 it collected from J & J when it executed on the default judgment. J & J argues that the trial court's dismissal without requiring Cintas to return this sum was inconsistent with our judgment reversing the default judgment and mandate remanding the suit for further proceedings consistent with our opinion. On the same basis, J & J also contends that the trial court abused its discretion by denying its motion for new trial.

Cintas responds that it had an unqualified right to nonsuit its claim on remand and that doing so was not inconsistent with the appellate mandate. Therefore, Cintas argues, the trial court did not abuse its discretion by dismissing the suit or denying J & J's motion for new trial. On the contrary, Cintas maintains that the trial court did not have any discretion to do otherwise.

### A. Standard of review and applicable law

■ We review the denial of a motion for new trial for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam). A trial court abuses its discretion if its decision to deny a motion for new trial is so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if its decision misconstrues or misapplies the law. *Celestine v. Dep't of*

638 ■ ▬▬▬▬▬▬▬▬▬

*Family & Prot. Servs.*, 321 S.W.3d 222, 235 (Tex. App.–Houston [1st Dist.] 2010, no pet.).

■ When a judgment is reversed, the prevailing party is entitled to restitution of any sum that it paid in satisfaction of the judgment with interest. *Miga v. Jensen*, 299 S.W.3d 98, 101 (Tex. 2009); *Cleveland v. Tufts*, 7 S.W. 72, 74 (Tex. 1888). The prevailing party is entitled to seek this relief in the same suit; it need not file a new lawsuit to obtain restitution. *Peticolas v. Carpenter*, 53 Tex. 23, 29 (1880); *Long v. Elliott*, 416 S.W.3d 152, 166 (Tex. App.–Eastland 2013, no pet.). Instead, it may obtain restitution based on its own motion after an evidentiary hearing showing with certainty the sum that it is entitled to recover. *Outdoor Sys. v. BBE, L.L.C.*, 105 S.W.3d 66, 75 (Tex. App.–Eastland 2003, pet. denied).

## B. Analysis

■ Cintas collected $19,288 from J & J under a default judgment rendered in a proceeding in which J & J was not properly served, and the default judgment was subsequently reversed and remanded for further proceedings. *See J & J Container*, 2015 WL 5829667, at *1, *3–4. On remand, Cintas nonsuited its contract claim but kept the damages that it had collected when it executed on the default judgment. After Cintas did so, J & J moved for a new trial on the basis that it was entitled to restitution and Cintas could not to keep the money unless Cintas prevailed on its contract claim in a new trial.

■ Nonsuits and dismissals other than those made on the merits put the parties in the positions they occupied before suit was filed. *Crofts v. Court of Civil Appeals for Eighth Supreme Judicial Dist.*, 362 S.W.2d 101, 104 (Tex. 1962); *Waterman Steamship Corp. v. Ruiz*, 355 S.W.3d 387, 398 (Tex. App.–Houston [1st Dist.] 2011,

pet. denied). Cintas, however, used its nonsuit to abandon its affirmative claim for relief while keeping the money it collected by executing on the default judgment that was later reversed. Though J & J had not yet filed a pleading requesting the return of the $19,288—or any other relief—when Cintas nonsuited its claim, J & J asserted in its motion for new trial that Cintas could not keep the money consistent with due process unless Cintas prevailed on its contract claim in a new trial. Because the new-trial motion sufficed to inform the trial court that J & J sought the return of its money if Cintas did not press and prevail on its contract claim, we hold that the trial court abused its discretion by denying the motion.

## Conclusion

We reverse the trial court's order of dismissal and remand the cause to the trial court for a new trial in which we direct the trial court to consider J & J's right to restitution and any other claims raised by the pleadings, and then enter a judgment consistent with this opinion.