ACCEPTED
15-25-00117-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/27/2025 10:31 AM
CHRISTOPHER A. PRINE
CLERK

Case No. 15-25-00117-CV

_____

In the Court of Appeals
for the Fifteenth District of Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/27/2025 10:31:24 AM
CHRISTOPHER A. PRINE
Clerk

_____

Patrick Cox, for himself and as an agent for AOC Ranches, LLC,
Team Advertising Services, Inc., CCLHR Enterprises, LLC and
VPizza Restaurant, 001, LLC,

Appellant,

vs.

The State of Texas, Office of the Attorney General,

Appellee.

_____

On Appeal from the 419th Judicial District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-19-000436

_____

# APPELLANT'S BRIEF

_____

Reese W. Baker
State Bar No. 01587700
Baker & Associates
950 Echo Lane, Suite 300
Houston, Texas  77024
Telephone: (713) 869-9200
reese.baker@sbcglobal.net

Attorney for Appellant

## Preamble

Comes now Patrick Cox, Cross-Appellant herein, who respectfully makes and files this, his Appellant's Brief.

In this Brief Patrick Cox will be referred to himself as "Cox." The State of Texas, by and through the Office of the Attorney General, will be referred to as "the State."

The Clerk's Record will be cited as "CR [page]." Although divided into volumes, the Clerk's Record is consecutively numbered, so the volume number will not be noted.

The Reporter's Record from the June 11, 2025 hearing will be cited as "RR [page]."

Documents found in the Appendix to the Appellant's Brief are hyperlinked to references herein.

## Identity of Parties and Counsel

Cox hereby submits a list of parties and counsel interested in this case,

pursuant to Tex. R. App. Pro. 38.1(a):

| Cross-Appellees and their Appellate Counsel: | Cross-Appellant and his Counsel: |
|---|---|
| The State of Texas, Office of the Attorney General Ken Paxton, Attorney General c/o Assistant Attorney General: Ali Thorburn State Bar No. 24125064 ali.thorbun@oag.texas.gov Office of the Attorney General, General Litigation Division P.O. Box 12548, Capitol Station Austin, Texas 78711-2548 Telephone: (512) 475-4392 | Patrick Cox, for himself and as agent for AOC Ranches, LLC, Team Advertising Services, Inc., CCLHR Enterprises, LLC, and VPizza Restaurant 001, LLC c/o Reese Baker State Bar No. 01587700 Baker & Associates 950 Echo Lane, Suite 300 Houston, Texas 77024 Telephone: (713) 869-9200 reese.baker@sbcglobal.net |

## Table of Contents

Cover Page . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Preamble . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Issue Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Statement of Facts

        A.     The TaxMasters Judgment, and Its Reversal. . . . . . . . . . . . . . . . . 10

        B.     Enforcement of the Erroneous Judgment . . . . . . . . . . . . . . . . . . . . . 10

        C.     Cox's Losses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        D.     This Lawsuit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        E.     Proceedings Below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . <u>12</u>

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Arguments and Authorities

Issue Presented

Whether the trial court erred in granting the State's Plea to the Jurisdiction and dismissing Cox's federal takings claim under the Fifth and Fourteenth Amendments to the United States Constitution.

A.   Federal Takings Claims Are Cognizable in State Court . . . . . . . . . . 17

B.   Cox Adequately Plead a Federal Takings Claim. . . . . . . . . . . . . . . 19

C.   Dismissal Was Improper Under Texas Pleading Standards . . . . . . . 21

Conclusion and Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Appendix

## Index of Authorities

Cases

Texas Supreme Court

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) . . . . . . . . . . . . . . . . . . 14

*City of Houston v. Houston Mun. E'ees Pension Sys.*,
    549 S.W.3d 566 (Tex. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-15

*Cleveland v. Tufts*, 7 S.W. 72 (Tex.1888) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*,
    598 S.W.3d 237 (Tex. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Harris Cnty. Flood Control Dist. v. Kerr*,
    499 S.W.3d 793 (Tex. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

*McFadin v. Broadway Coffeehouse, LLC*,
    539 S.W.3d 278 (Tex. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Miga v. Jensen*, 299 S.W.3d 98 (Tex. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Peticolas v. Carpenter*, 53 Tex. 23 (1880). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Quick v. City of Austin,* 7 S.W.3d 109 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . 14

*State v. Holland*, 221 S.W.3d 639 (Tex. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Steele v. City of Houston*, 603 S.W.2d 786 (Tex. 1980) . . . . . . . . . . . . . . 15, 18, 23

*Texas Dep't of Parks & Wildlife v. Miranda*,
    133 S.W.3d 217 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . 14, 19, 21, 23

Texas Courts of Appeals

*Cox v. State*,
    448 S.W.3d 497 (Tex. App. — Amarillo 2014, pet. denied) . . . . . . . . . . . 10

*Lyda Swinerton Bldrs., Inc. v. Cathay Bank*,
566 S.W.3d 836 (Tex. App. — Houston [14th Dist.]
2018, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

United States Supreme Court

*Bank of U.S. v. Bank of Wash.*, 31 U.S. 8, 8 L.Ed. 299 (1832) . . . . . . . . . . . . . . 22

*DeVillier v. Texas*, 601 U.S. 285, 144 S.Ct. 938 (2024) . . . . . . . . . . . . . . . . . . . 17

*First English Evangelical Lutheran Church of Glendale v.*
*County of Los Angeles*,
482 U.S. 304, 107 S.Ct. 2378 (1987). . . . . . . . . . . . . . . . . . . . . 17, 19, 21, 23

*Knick v. Township of Scott*,
588 U.S. 180, 139 S.Ct. 2162 (2019). . . . . . . . . . . . . . . . . . . . . 17, 18, 20, 21

*San Remo Hotel v. San Francisco*,
545 U.S. 323, 125 S.Ct. 2491 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Tafflin v. Levitt*, 493 U.S. 455, 110 S.Ct. 792 (1990) . . . . . . . . . . . . . . . . . . . . . 18

Federal Constitution and Statutes

U.S. Const. amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Rules of Appellate Procedure

Tex. R. App. Pro. 9.4(i)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Tex. R. App. Pro. 9.5(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Tex. R. App. Pro. 38.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## Statement of the Case

Nature of the Case:      Case against the State for an unconstitutional taking, under Texas and federal law. CR 3-12. The State sought dismissal on jurisdictional grounds. CR 14-524.

Trial Court:      The 419th Judicial District Court of Travis County, the Honorable Maya Guerra Gamble, Presiding.

Disposition:      The trial court granted in part and denied in part the State's request for dismissal, dismissing Cox's federal takings claim, holding that sovereign immunity deprived the court of jurisdiction, but allowing his Texas state law takings claim to proceed. CR 822–23.

## Issue Presented

Whether the trial court erred in granting the State's Plea to the Jurisdiction and dismissing Cox's federal takings claim under the Fifth and Fourteenth Amendments to the United States Constitution.

## Statement Regarding Oral Argument

Cox does not believe oral argument will materially assist the Court in deciding this case. The errors complained of are apparent from the face of the record. The law governing what should have been done is not particularly complex, and is settled. All of these are factors lending themselves to deciding this case on the briefs.

## Statement of Facts

### A. The TaxMasters Judgment, and Its Reversal

The claims in this case arise because of a judgment previously taken against Cox and some other entities, in a case styled *State of Texas v. TaxMasters, Inc., TMIRS Enterprises, Ltd., TM GP Services, LLC d/b/a TaxMasters, and Patrick R. Cox, Individually*. CR 5. Among other things, the judgment imposed personal liability on Cox in the amount of $46,187,434.70. *Id*.

Cox appealed the judgment taken against him personally, and was successful: the appellate court reversed the portion of the judgment making Cox individually liable, finding there was no evidence that Cox was guilty of any misconduct. *Id*.; *see also Cox v. State*, 448 S.W.3d 497, 502-07 (Tex. App. — Amarillo 2014, pet. denied). The Texas Supreme Court denied review on April 1, 2016, making the reversal final. CR 5.

### B. Enforcement of the Erroneous Judgment

However, before the appellate court was able to rule, the State aggressively enforced the judgment, seeking and receiving the appointment of a receiver over Cox's personal assets. CR 6–8. Acting under the State's authority, the receiver seized and sold nearly all of Cox's non-exempt personal property, including business investments and other valuable assets. CR 525–27.

Because the sales were conducted at forced sale, the property yielded far less than its fair market value. CR 5–6, 525–28. The receiver ultimately recovered $830,756, of which $560,207 was turned over to the bankruptcy trustee in the TaxMasters and TMIRS bankruptcies, and only $50,816 was returned to Cox. CR 5–6, 525–28. This amount is dwarfed by the amount the receiver paid himself, $219,238 out of funds that should have been returned to Cox. CR 6, 9, 37. The remaining property and value were permanently lost. CR 5–6, 525–28.

## C. Cox's Losses

The forced seizure and liquidation of Cox's property inflicted significant financial harm. Beyond the losses attributable to the fire sale liquidation of his assets, Cox also lost profits, business opportunities, and investments that were stripped from him before the judgment against him was reversed. CR 7–9, 528–31.

Despite the fact the judgment was reversed and a take nothing judgment rendered in Cox's favor, the State has refused to either return the property seized or to compensate Cox for the value lost. CR 3–9. Importantly, the State's actions deprived Cox of all economically viable use of the property (which was taken from him) without providing compensation.

D.    This Lawsuit

As the result of his treatment, Cox sued the State, seeking restitution and relief for the taking of his property. CR 3–13, 525–50. He alleges, among other claims, that the State's seizure and permanent deprivation of his property constituted an unconstitutional taking without just compensation in violation of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment. CR 3–13, 525–31. These facts, taken as true at this stage, allege a concrete deprivation of property rights directly traceable to the State's action — precisely the type of injury that the Takings Clause was designed to redress

E.    Proceedings Below

In response to Cox's suit, the State filed a Plea to the Jurisdiction and Motion for Summary Judgment, asserting sovereign immunity and other defenses. CR 14–58. Cox responded to the State's request for dismissal. CR 525-50. After briefing and argument, the trial court granted the State's plea in part and denied it in part. RR 7–55. As it relates to Cox's appeal, the trial court dismissed his federal takings claim for lack of jurisdiction. CR 822–23. This order effectively insulates the State from accountability under the Takings Clause, even though the pleadings and evidence demonstrate that Cox's claims fall squarely within the protections guaranteed by the Fifth and Fourteenth Amendments.

Cox timely appealed this dismissal, CR 824-27, and now files his Cross-Appellant's Brief.

**<u>Standard of Review</u>**

Whether a trial court has subject-matter jurisdiction is a question of law reviewed de novo. *Farmers Tex. Cnty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). De novo review considers the issue presented anew, with no deference given to the trial court's actions. *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 282-83 (Tex. 2018). In deciding the matter, the appellate court exercises its own judgment, redetermining the answer to each legal issue, *Quick v. City of Austin,* 7 S.W.3d 109, 116 (Tex. 1998), asking whether the result or conclusion is correct. *Lyda Swinerton Bldrs., Inc. v. Cathay Bank*, 566 S.W.3d 836, 841 (Tex. App. — Houston [14th Dist.] 2018, pet. denied).

When a plea to the jurisdiction challenges the sufficiency of the pleadings, the court must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true all the factual allegations made. *Miranda*, 133 S.W.3d at 226. If the pleading affirmatively negate jurisdiction, dismissal is proper, but if the pleading merely fails to allege sufficient facts, the plaintiff should be afforded an opportunity to amend. *Id*. at 226–27.

Jurisdictional pleas raising sovereign immunity are likewise reviewed de novo. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009); *City of*

*Houston v. Houston Mun. E'ees Pension Sys*., 549 S.W.3d 566, 575 (Tex. 2018). And when constitutional claims are at issue, courts must ensure that sovereign immunity does not bar suits that the constitution itself makes self-executing, such as claims for just compensation under the Takings Clause. *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex. 1980).

## Summary of the Argument

The trial court erred in granting the State's plea to the jurisdiction on Cox's federal takings claim. Contrary to the court's conclusion, federal takings claims are actionable in state court, and Cox's pleadings and record evidence adequately allege a compensable taking.

Under the Fifth and Fourteenth Amendments, Cox has a constitutional right to pursue compensation for the taking of his property. Federal precedent makes clear that state courts are competent forums to determine such claims, and state procedural doctrines cannot be used to extinguish them. A property owner has a claim for a violation of the Takings Clause as soon as a government retains his property without paying for it.

Dismissing Cox's federal taking claim improperly denied him a forum to vindicate his constitutional rights, and so the dismissal should be reversed and the matter remanded. To do otherwise would not only contravene controlling precedent, but would also undermine the constitutional guarantee that no property shall be taken for public use without just compensation. That guarantee cannot be extinguished at the pleading stage by recasting a federal takings claim as something it is not.

## Arguments and Authorities

### Issue Presented
(Restated)

Whether the trial court erred in granting the State's Plea to the Jurisdiction and dismissing Cox's federal takings claim under the Fifth and Fourteenth Amendments to the United States Constitution.

A. Federal Takings Claims Are Cognizable in State Court

The Takings Clause of the Fifth Amendment to the U.S Constitution plainly provides "no person's property shall be taken for public use, without just compensation." U.S. Const. amend. V. The U.S. Supreme Court has recognized that its plain language is self-executing, with no statutory authority required before such a claim may be pursued. *DeVillier v. Texas*, 601 U.S. 285, 291, 144 S.Ct. 938 (2024); *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304, 315–16, 107 S.Ct. 2378 (1987). When the government takes private property, the duty to pay compensation arises directly from the Constitution. *First English Evangelical Lutheran Church*, 482 U.S. at 315–16.

Because the Constitution itself provides the right to recover compensation for the taking of one's property, sovereign immunity therefore cannot shield the State from suit for a federal takings claim. *Knick v. Township of Scott*, 588 U.S. 180, 190-91, 139 S.Ct. 2162 (2019) ("no matter what sort of procedures the government puts in place to remedy a taking, a property owner has a Fifth

17

Amendment entitlement to compensation as soon as the government takes his property without paying for it."). Texas courts likewise recognize that takings claims are not barred by immunity because the Constitution itself creates the right and remedy. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007) (recognizing that immunity will not shield the government from a claim under the takings clause); *accord, Steele*, 603 S.W.2d at 791.

In addition to being self-executing, it is also settled that state courts have both the power and the obligation to hear federal takings claims. *San Remo Hotel v. San Francisco*, 545 U.S. 323, 347, 125 S.Ct. 2491 (2005) (confirming that state courts undoubtedly have the duty to enforce the federal Constitution); *see also Knick*, 588 U.S. at 190-91 (making clear that property owners may bring federal takings claims in either state or federal court); *see also Tafflin v. Levitt*, 493 U.S. 455, 458, 110 S.Ct. 792 (1990) (recognizing that state courts possess concurrent jurisdiction over federal constitutional claims unless Congress provides otherwise). Texas courts agree, *Steele*, 603 S.W.2d at 788 (noting plaintiffs asserted taking claims under both the state and federal constitutions), and nothing in 42 U.S.C. § 1983 or the Takings Clause itself removes this jurisdiction. *See generally* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....").

Accordingly, the trial court's dismissal of Cox's federal takings claim rested on an erroneous view of its subject-matter jurisdiction.

B. Cox Adequately Plead a Federal Takings Claim

Because a federal takings claim is cognizable in Texas state court, the next question is whether Cox's pleading is sufficient to assert the claim. It is.

In determining jurisdiction, the court must construe Cox's pleadings liberally in his favor, accept all factual allegations made therein as true, and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226–27. A plea to the jurisdiction may only be granted if the pleadings affirmatively negate the existence of jurisdiction. *Id*. Dismissing such a claim at the outset improperly short-circuits the constitutional guarantee. *First English Evangelical Lutheran Church*, 482 U.S. at 315 (holding that the Fifth Amendment requires compensation for both temporary and permanent takings).

19

In his Amended Complaint, Cox alleges that:

- The State obtained a receiver to seize his personal assets while a judgment against him was on appeal.

- The receiver, acting under the State's authority, liquidated nearly all of Cox's non-exempt property at forced sale.

- The fair market value of the property exceeded the sale proceeds by millions of dollars.

- Even after the judgment was reversed as to Cox, the State refused to return most of the seized property or compensate him for its value; no compensation has been offered or paid by the State.

CR 3-9; *see also* CR 525-31

These allegations, taken as true, state a claim that the State intentionally deprived Cox of his property for public use without just compensation. That is the essence of a federal taking. *See Knick*, 588 U.S. at 190-91.

Cox's pleadings adequately allege that the State, acting through a court-appointed receiver, seized and permanently deprived him of millions of dollars' worth of personal property under a judgment later reversed and rendered. CR 3–9, 525–31. These allegations establish a compensable taking under federal law, *Id.* at 206 (elements of a takings claim under the Fifth Amendment are "the taking of [a

20

property owner's] property without just compensation by a local government"), especially given that the pleadings must be construed liberally in Cox's favor, and where they contain nothing that would affirmatively negate jurisdiction. *Miranda*, 133 S.W.3d at 226–27.

Even if heightened pleading requirements applied, Cox's petition satisfied them. He identified the property interest at stake, the government action that affected a taking, and the absence of just compensation. Cox's pleadings allege the State's actions deprived him of beneficial use and value of his property and (given that this was done through the seizure and sale of the property by the receiver) was necessarily intentional. These allegations state a valid takings claim, and preclude dismissal at the jurisdictional stage. *Knick*, 588 U.S. at 189-90; *First English Evangelical Lutheran Church*, 482 U.S. at 315–16. When a takings claims is adequately alleged, dismissal is inappropriate. *Harris Cnty. Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 799-800 (Tex. 2016).

Because Cox's pleadings establish a viable constitutional claim, the trial court had jurisdiction.

C. Dismissal Was Improper Under Texas Pleading Standards

By dismissing at the outset, the trial court short-circuited factual development that could confirm the scope and impact of the State's actions — an

error that runs contrary to both federal takings jurisprudence and Texas pleading standards.

Texas law recognizes that successful appellants are entitled to restitution for property wrongfully taken under a judgment later reversed. *Miga v. Jensen*, 299 S.W.3d 98, 101 (Tex. 2009). This is not new law. *See, e.g., Cleveland v. Tufts*, 7 S.W. 72, 74 (Tex.1888) ("It is settled that money paid upon a judgment afterward reversed may be recovered by the party making the payment."); *Peticolas v. Carpenter*, 53 Tex. 23, 29 (1880) ("[w]here a judgment for debt is reversed after it has been enforced by execution, and the case is finally decided in favor of defendant, he is certainly entitled to restitution"). Federal law is the same, and has been settled for even longer. *Bank of U.S. v. Bank of Wash.*, 31 U.S. 8, 17, 8 L.Ed. 299 (1832) ("On the reversal of the judgment, the law raises an obligation in the party to the record, who has received the benefit of the erroneous judgment, to make restitution to the other party for what he has lost.").

The pleadings here are sufficient. *Kerr*, 499 S.W.3d at 799-800 (providing that when plaintiffs plead a viable takings theory, the plea to jurisdiction must be denied). At a minimum, Cox alleged facts that, if proven, establish a taking. The property taken consists of both property Cox owned, and the funds realized from the receiver's sale of that property. The receiver paid himself from funds he held

22

after Cox's property had been sold; the State neither paid the receiver's fee nor offered to repay Cox for the fee the receiver paid himself, and the receiver prevented Cox from recovering other assets of significant value. Liberally construed, those allegations are more than adequate to survive jurisdictional dismissal. *Miranda*, 133 S.W.3d at 226–27. Additionally, even if the pleadings were somehow found to be inadequate or incomplete (something that does not actually seem to have been the case), the proper course would have been to allow amendment rather than dismissal. *Id.*

By dismissing Cox's federal takings claim on jurisdictional grounds, the trial court denied him the forum guaranteed by both the U.S. Constitution and controlling Texas precedent. Cox's claims arise directly under the Constitution — sovereign immunity is no bar. *First English Evangelical Lutheran Church*, 482 U.S. at 315–16; *Steele*, 603 S.W.2d at 791.

## Conclusion and Prayer

Sovereign immunity does not shield the State from liability for unconstitutional takings. Cox's pleadings allege a valid federal taking claim, arising under the Fifth Amendment. Accordingly, the trial court's dismissal should be reversed, and the case remanded so that Cox may pursue the just compensation guaranteed to him by the U.S. Constitution.

Cox prays the Court reverse the trial court's dismissal of his federal takings claim, and remand the case for further proceedings on the merits.

Cox prays for such other and further relief, general or special, in law or in equity, to which he may prove himself to be justly entitled.

Respectfully submitted,

*/s/ Reese W. Baker*
Reese W. Baker
State Bar No. 01587700
Baker & Associates
950 Echo Lane, Suite 300
Houston, Texas 77024
Telephone: (713) 869-9200
reese.baker@sbcglobal.net

Attorney for Cross-Appellant

## Certificate of Compliance

Pursuant to Tex. R. App. Pro. 9.4(i)(3), the undersigned hereby certifies that according to the word count function of the computer program used to generate the document, the portions of the Appellant's Brief subject to the rule contain 2,837 words total, and that the text thereof is in 14 point Times New Roman font, with footnotes in 13 point Times New Roman font.

*/s/ Reese W. Baker*
Reese W. Baker

## Certificate of Service

Pursuant to Tex. R. App. Pro. 9.5(d), the undersigned hereby certifies that a true and correct copy of the foregoing Cross-Appellant's Brief has been served on Ali Thorburn, lead counsel of record for the State, c/o Office of the Attorney General, General Litigation Division, P.O. Box 12548, Austin, Texas 78711-2548through the Court's e-filing system, on this, the 27th day of August, 2025.

*/s/ Reese W. Baker*
Reese W. Baker

Case No. 09-25-00098-CV

_____

In the Court of Appeals for the
Fifteenth District of Texas

_____

Patrick Cox, for himself and as an agent for AOC Ranches, LLC, Team
Advertising Services, Inc., CCLHR Enterprises, LLC and VPizza
Restaurant, 001, LLC,

Appellant,

vs.

The State of Texas, Office of the Attorney General,

Appellee.

_____

# Appellant's Appendix

_____

# Appendix Table of Contents

Document                                                                 Page Numbers

Order Granting in Part and Denying in Part Texas's Plea to
    the Jurisdiction and Motion for Summary Judgment
    (CR 822-23) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28-29

Cox's Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30-40

CAUE NO. D-1-GN-19-000436

| | | |
|---|---|---|
| PATRICK COX, FOR HIMSELF AND AS | § | IN THE DISTRICT COURT |
| AGENT FOR AOC RANCHES, LLC, | § | |
| TEAM ADVERTISING SERVICES, INC., | § | |
| CCLHR ENTERPRISES, LLC and | § | |
| VPIZZA RESTAURANT 001, LLC, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | 419TH JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| THE STATE OF TEXAS, | § | |
| | § | |
| *Defendant.* | § | TRAVIS COUNTY, TEXAS |
| | § | |

## ORDER GRANTING IN PART AND DENYING IN PART
## TEXAS' PLEA TO THE JURISDICTION AND MOTION FOR SUMMARY JUDGMENT

On June 11, 2025, the Court considered Defendant *Texas's Plea to the Jurisdiction and Motion for Summary Judgment* ("*Plea*"). After considering the combined plea and motion, Plaintiff's response, the evidence submitted, and the arguments of counsel, the Court finds the motion meritorious in part. **IT IS THEREFORE ORDERED** that Texas's *Plea* is **GRANTED IN PART** and **DENIED IN PART**, as follows:

The Court **GRANTS** Texas's *Plea* as to Plaintiff's federal causes of action under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

The Court **DENIES** Texas's *Plea* as to Plaintiff's claims for civil conversion, restitution, and for violations of the Texas Constitution's Takings and Due Course of Law clauses.

The Court also **DENIES** Texas's *Plea* insofar as it sought dismissal of Plaintifs requests for attorney's fees and monetary damages on his state causes of action, and Defendant's request that the Court apply defensive collateral estoppel to preclude Plaintiff from contesting whether the Court-appointed Receiver acted as an arm of the Court or as an independent cause of Plaintifs injuries precluding standing or any recovery against Texas.

Page 822

Finally, the Court also **DENIES** Texas's request to strike Plaintiff's evidence from consideration.

_____

THE HONORABLE MAYA GUERRA GAMBLE
DISTRICT COURT JUDGE

Signed June 16, 2025

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office

On 07/08/2025 10:41:09

VELVA L. PRICE
DISTRICT CLERK
By Deputy: SH

3/28/2025 6:33 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-000436
Nancy Rodriguez

**Cause No. D-1-GN-19-000436**

| | | |
|---|---|---|
| | § | |
| PATRICK COX, FOR HIMSELF AND | § | |
| AS AGENT FOR AOC | § | |
| RANCHES, LLC, TEAM | § | In the District Court of |
| ADVERTISING | § | |
| SERVICES, INC., CCLHR | § | |
| ENTERPRISES, LLC and VPIZZA | § | |
| RESTAURANT 001, LLC, | § | Travis County, Texas |
| PLAINTIFF | § | |
| | § | |
| | § | 419th Judicial District |
| v. | § | |
| | § | |
| THE STATE OF TEXAS, | § | |
| DEFENDANT | § | |

## AMENDED COMPLAINT OF PATRICK R. COX, INDIVIDUALLY AND AS AGENT, AGAINST THE STATE OF TEXAS FOR RESTITUTION AND DAMAGES, UNCONSTITUTIONAL TAKING OF COX'S PROPERTY WITHOUT ADEQUATE COMPENSATION, CLAIMS FOR VIOLATION OF COX'S RIGHT TO DUE PROCESS, CIVIL CONVERSION AND OTHER CLAIMS

Defendant Patrick R. Cox files this complaint for himself and on behalf of AOC Ranches, LLC, Team Advertising Services, Inc., CCLHR Enterprises, LLC and VPizzaRestaurant 001, LLC against the State of Texas. This complaint is for restitution of property taken from him and damages incurred by him and the entities for which he is the agent, and also for the unconstitutional taking of Cox's property without adequate compensation, claim for violation of Cox's right to due process, civil conversion, and other claims as a result of the judgment against him by the State of Texas in the case of *The State of Texas, Plaintiff v. TaxMasters, Inc., TMIRS Enterprises, Ltd., TM GP Services, LLC d/b/a TaxMasters, and Patrick R. Cox, individually*, Defendants, Cause No. D-1-GV-10-000486, in the 200th Judicial District of Travis County, Texas, which judgment was

*Patrick Cox vs. The State of Texas*
Complaint for Restitution

1 of 10

Page 3

reversed on appeal, as more fully described below.

## Discovery Level

1. Cox intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 because this suit is not governed by Rules 190.2 or 190.4 of the Texas Rules of Civil Procedure.

## Parties

2. Patrick Cox is an individual who resides at 12335 Kingsride Ln. #390, Houston, Texas 77024. Cox is the authorized agent for the interests of AOC Ranches, LLC, Team Advertising Services, Inc., CCLHR Enterprises, LLC and VPizza Restaurant 001, LLC.

3. The State of Texas is the defendant. The State of Texas may be served by serving the Secretary of State of Texas at P.O. Box 12079, Austin, Texas 78711-2079 and also by serving the Attorney General of the State of Texas, Ken Paxton, at Office of the Attorney General, 300 W. 15th Street, Austin, TX 78701. The attorney representing the State of Texas in the bankruptcy case of TaxMasters has been J. Casey Roy, Assistant Attorney General, P.O. Box 12548, Austin, Texas 78711. The attorney representing the State of Texas in the lawsuit in Travis County was Nanette Marie DiNunzio, Assistant Attorney General, P.O. Box 12548, Austin, Texas 78711.

## Jurisdiction and Venue

4. Jurisdiction is proper in this Court. Cox seeks a sum that is within the jurisdictional limits of this Court. Cox seeks monetary relief over $1,000,000.

5. Venue is proper in this Court.

## Background

*Patrick Cox vs. The State of Texas*
Complaint for Restitution

2 of 10

Page 4

6. On June 5, 2012, this Court entered judgment (the "Judgment") in the case of *The State of Texas, Plaintiff v. TaxMasters, Inc., TMIRS Enterprises, Ltd., TM GP Services, LLC d/b/a TaxMasters, and Patrick R. Cox, individually*, Defendants, Cause No. D-1-GV-10-000486, in the 200th Judicial District of Travis County, Texas, in favor of the State of Texas (the "State"). The Judgment included a money judgment against Cox in the amount of $46,187,434.70.

7. Cox timely appealed the Judgment as it applied to him personally. On July 1, 2014, the Seventh Court of Appeals reversed the Judgment to the extent it applied to Cox. On April 1, 2016, the Texas Supreme Court denied the State's petition for review. There is no further possibility of appeal.

8. Even though Cox had already filed a timely Notice of Appeal, the State filed an application for turnover and for appointment of a receiver to enforce the Judgment against Cox. Between the entry of the Judgment and its reversal as to Cox, this Court appointed a receiver (the "Receiver") under Tex. Civ. Prac. & Rem. Code § 31.002 to collect on and satisfy the Judgment from Cox's personal assets.

9. The Receiver took possession of and sold most of Cox's non-exempt personal assets before the appeals court reversed the Judgment. Because the Receiver's sale of Cox's property was at forced sale, the property sold at a fraction of the price it would have brought at a private sale. Attached as Exhibits A-1 and A-2 is the Receiver's Inventory and Accounting, showing the property taken from Cox and the proceeds received therefrom.

10. In total, the Receiver recovered $830,756 of total monies into the receivership account.

11. Of the $830,756 that the Receiver recovered, $50,816 was returned to Cox. In addition, $550,207 was distributed to the chapter 7 trustee (the "Trustee") of TaxMasters, Inc. and TMIRS Enterprises, Ltd. bankruptcy cases. Cox reached a settlement with the Trustee as to the

*Patrick Cox vs. The State of Texas*
Complaint for Restitution

3 of 10

$560,207.

12.     The remaining $219,733 received by the Receiver along with the value of the assets seized and sold has never been re-paid by the State of Texas to Cox. The $219,238 amount is an amount that the Receiver distributed to himself for fees and expenses and $496 that he distributed to TMIRS Enterprises, Ltd.

13.     As a direct result of the State's enforcement of the Judgment, Cox has incurred substantial costs and attorney fees, including to protect his exempt property from seizure and sale by the Receiver and to recover the amounts taken from him after the Judgment was reversed.

14.     Certain of the property that the Receiver seized from Cox were investments in businesses. Because of the seizure of that property, Cox lost profits and business opportunities.

15.     Cox estimates that, in total, he is owed over $20,000,000 in restitution from the State. Cox has asked the State to recompense him for this amount, which represents the damages that he incurred as a result of the State's enforcement of the Judgment, but the State has refused to do so.

## Causes of Action and
## Argument & Authorities

16.     A court has jurisdiction to correct error and to restore wrongfully taken property to the possession of the persons from whom it was taken.[1] The appeals court found that the Judgment was in error to the extent it applied to Cox. This Court has jurisdiction to correct the errors from the district court and restore the property wrongfully taken from Cox or its equivalent in damages.

---

[1] *Texas Land & Irrigation Co. v. Sanders*, 111 S.W. 648, 648-49 (court has jurisdiction to restore property taken from litigant pursuant to the court's earlier order, which was found to be without jurisdiction); *Northwestern Fuel Co. v. Brock*, 139 U.S. 216, 219 (1891)("Jurisdiction to correct what had been wrongfully done must remain with the court so long as the parties and the case are properly before it, either in the first instance or when remanded to it by an appellate tribunal.").

*Patrick Cox vs. The State of Texas*
Complaint for Restitution                                                                     4 of 10

Page 6

17.     A defendant is entitled to restitution for money and property paid or taken from him pursuant to a judgment that is later reversed.[2] A plaintiff who enforces a judgment that is subject to appeal does so at the peril of having to respond in damages if the judgment is ultimately reversed.[3]   The State of Texas has no exemption from the rights of Cox to seek and obtain restitution for the value of the property wrongfully taken from him.

18.     A successful appellant may have restitution upon his own motion after an evidentiary hearing establishing with certainty what he has lost.[4] The motion may be filed in the same case without resorting to a new suit.[5]  The person wronged may also seek restitution in a new lawsuit in another county.[6]

19.     The amount of restitution owed to the defendant should be such as to place him in

---

[2]     *Miga v. Jensen*, 299 S.W.3d 98, 101 (Tex. 2009)("Money paid upon a judgment afterward reversed may be recovered by the party making the payment."); *Cleveland v. Tufts*, 7 S.W. 72, 74 (Tex. 1888)(same); *Peticolas v. Carpenter*, 53 Tex. 23, 29 (1880)("Where a judgment for debt is reversed after it has been enforced by execution, and the case is finally decided in favor of defendant, he is certainly entitled to restitution.").

[3]     *Cleveland*, 7 S.W. at 75.

[4]     *Outdoor Sys. v. BBE, L.L.C.*, 105 S.W.3d 66, 75 (Tex. App.—Eastland 2003, pet. denied); *Currie v. Drake*, 550 S.W.2d 736, 740 (Tex. Civ. App.—Dallas 1977, writ ref'd n.r.e.); *Northwestern Fuel*, 139 U.S. at 220 ("We are of the opinion that the proceeding to enforce the restitution in the cases mentioned is under the control of the court, and that all needed inquiry can be had to guide its judgment in a summary proceeding, upon motion of the parties, the only requisite being that the opposite party shall be heard, so that in directing restitution no further wrong be committed").

[5]     *Outdoor Sys.*, 105 S.W.3d at 75; *Cleveland*, 7 S.W. at 74.

[6]     A person seeking restitution for wrongful collection actions may seek restitution in a separate lawsuit. *Mathis v. DCR Mortg. III Sub I, LLC*, 952 F. Supp. 2d 828, 834 (W.D. Tex. 2013)("the permissive language in [the case law] does not forbid the benefactor of the reversal from bringing an independent suit to recover, even though doing so is obviously less efficient."). In *Cadleway Props. V. Briner*, 1999 Tex.App. Lexis 642 (Tex. App.-Dallas Feb 2, 1999, no pet.)(mem.op.), the Dallas Court of Appeals permitted the successful appellants to pursue legal action under Tex. Civ. Prac. & Rem. Code Section 34.022 in a county other than that of the court that issued the reversed judgment. (Tex. Civ. Prac. & Rem. Code Section 34.022 permits a person "to recover from the judgment creditor the market value of the person's property that has been seized through execution of a writ issued by a court if the judgment on which execution is issued is reversed or set aside but the property has been sold at execution").

the same position that he occupied before the judgment was entered.[7] To this end, if the defendant's property has been seized and sold, the defendant is entitled to recover the full value of the property sold, not merely the amount for which the property was sold.[8] Property sold at a forced sale will ordinarily sell for much less than its value.[9] The amount of restitution should also include "the damages and costs paid by [the defendant] together, with interest."[10]

20.    The State knowingly and willfully chose to enforce the Judgment against Cox, knowing that Cox still had a right to appeal the Judgment and knowing that Cox had appealed the Judgment. Although it had the legal ability to enforce the Judgment when it did, it did so at the peril of having to make Cox whole should the Judgment ultimately be reversed.

21.    Because of the State's enforcement of the Judgment against him, Cox had substantial money and property taken from him to satisfy an erroneous judgment. Cox only has recovered a very small amount of the loss at this time. He continues to be owed substantial sums or property by the State. The State has an obligation to pay damages to Cox so as to place him in the same position he occupied before the Judgment was entered against him and to make him whole of the damages that he incurred as a result of the enforcement of the Judgment.

22.    Because the Receiver sold Cox's property at forced sale, the proceeds received by the Receiver do not reflect the full value of the property Cox lost. Cox is entitled to restitution from the State for the difference between the value of the property sold and the amount the Receiver actually received for that property. Cox requests a trial or hearing to put on evidence

---

[7]    *Cleveland*, 7 S.W. at 74.

[8]    *Id.* at 75.

[9]    *Id.*

[10]    *Id.*



*Patrick Cox vs. The State of Texas*
Complaint for Restitution

6 of 10

Page 8

demonstrating the full value of the property sold.

23. Cox was unable to recover $219,238 of the funds recovered by the Receiver. Cox is entitled to restitution from the State for this amount and in addition Cox is also entitled to restitution for the values of the properties taken. Unless he receives restitution from the State for all the amounts, he will not be placed in the position he occupied before the Judgment was entered against him.

24. Cox also asserts claims for the unconstitutional taking of Cox's property without adequate compensation. Under Article I, Section 17 of the Texas Constitution, "[n]o person's property shall be taken, damaged, destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." The Fifth Amendment to the federal constitution similarly states, "nor shall private property be taken for public use, without just compensation" and the protection is incorporated to the states through the Fourteenth Amendment. *Chicago, Burlington & Quincy Railroad Co. v. City of Chicago*, 166 U.S. 226 (1897).

25. The State intentionally performed acts that resulted in the intentional taking of Cox's property. Specifically, the State sought and obtained the appointment of a receiver to collect and sell Cox's property pursuant to the Reversed Judgment and the receiver did actually collect and sell Cox's property. That the property was taken for public use is apparent from the fact that the State obtained the Reversed Judgment in a lawsuit brought against Cox expressly in the public interest. The State then directed, or at least permitted, Cox's property to be given to the Bankruptcy Trustee, who was to distribute the property back to the State and to consumers harmed by Taxmasters and TMIRS. Both in initially consenting to the Settlement Agreement and under the terms of the Settlement Agreement, the State retained significant control over the property taken from Cox.

26. Cox also asserts claims for the violation of Cox's due process rights. Under both

*Patrick Cox vs. The State of Texas*
Complaint for Restitution

7 of 10

the Texas and the federal constitution, a state government may deprive a person of property only after following due process. U.S. Const. amend. XIV; Tex. Const. art. I, § 19; *Price v. Junction*, 711 F.2d 582, 590 (5th Cir. 1983) (procedural due process rights under the Texas Constitution are congruent with those in the Federal Constitution). When the Seventh Court of Appeals reversed the judgment against Cox, it invalidated the process by which the State took Cox's property to satisfy the judgment. The State's continued refusal to refund the property taken from Cox is, therefore, unsupported by any valid process.

27.     Cox asserts claims for civil conversion.  Cox's property was taken over ten (10) years ago by the receiver acting for the State of Texas and only a small part has been returned.

28.     Cox is entitled to interest from the State on the amounts taken from him.

29.     Cox's costs and attorney fees to protect his exempt assets from seizure and to recover the values of the properties wrongfully taken from him pursuant to the reversed Judgment are direct damages resulting from the State's enforcement of the Judgment. Cox is entitled to recover this amount as damages and as an amount necessary to place him in the position he occupied before the Judgment was entered against him. Cox requests a trial or hearing to put on evidence of these costs and attorney fees.

30.     Because of the State's seizure of his investments, Cox lost substantial profits and business opportunities. He is entitled to recover this amount as damages resulting from the State's enforcement of the Judgment. Cox requests a trial or hearing to put on evidence of these damages.

## Conclusion

Because of the State's knowing and willful decision to enforce the Judgment against Cox before the results of his appeal were known, Cox lost virtually all of his non-exempt property and incurred substantial damages and costs. Now that the Judgment against him has been reversed,

*Patrick Cox vs. The State of Texas*
Complaint for Restitution

8 of 10

Page 10

Cox is entitled to restitution from the State for the property that he lost due to the knowing and willful wrongful actions of the State and for the damages that he incurred as a result of the State's enforcement of the erroneous Judgment.

For the reasons stated above, Cox asks that the Court issue citation for the State of Texas to appear and answer, and that the Court award him judgment against the State of Texas for the following: (1) restitution to be paid by the State of Texas to Cox and the entities for which he is the agent in the amount of his actual damages, interest, court costs, and attorney fees, including his attorney fees to prosecute this lawsuit; (2) restitution for losses incurred by him and the entities for which he is the agent, for the unconstitutional taking of Cox's property without adequate compensation, (3) restitution for claims for violation of Cox's right to due process, (4) civil conversion, (5) other claims as a result of the judgment against him by the State of Texas in the case and (6) that this Court grant to Cox any other relief to which he is entitled.

Dated:   March 28, 2025

Respectfully submitted,

*/s/ Reese W. Baker*
Reese W. Baker
Texas Bar No. 01587700
950 Echo Lane, Suite 200
Houston, Texas 77024
(713) 979-2279
(713) 869-9100 fax
Email: courtdocs@bakerassociates.net
**Attorney for Patrick Cox, individually and as agent for AOC Ranches, LLC, Team Advertising Services, Inc., CCLHR Enterprises, LLC and VPizza Restaurant 001, LC**



*Patrick Cox vs. The State of Texas*
Complaint for Restitution

9 of  10

Page 11

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Amended Complaint was served on Ali Thorburn at the Office of the Attorney General for the State of Texas, General Litigation Division, by email to ali.thorburn@oag.texas.gov on March 28, 2025.

*/s/ Reese W. Baker*
Reese W. Baker

*Patrick Cox vs. The State of Texas*
Complaint for Restitution

10 of 10

Page 12

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Reese Baker on behalf of Reese Baker
Bar No. 1587700
courtdocs@bakerassociates.net
Envelope ID: 99043277
Filing Code Description: Motion (No Fee)
Filing Description: AMENDED COMPLAINT OF PATRICK R. COX, INDIVIDUALLY AND AS AGENT, AGAINST THE STATE OF TEXAS FOR RESTITUTION AND DAMAGES, UNCONSTITUTIONAL TAKING OF COX'S PROPERTY WITHOUT ADEQUATE COMPENSATION, CLAIMS FOR VIOLATION OF COX'S RIGHT TO DUE PROCESS, CIVIL CONVERSION AND OTHER CLAIMS
Status as of 3/31/2025 9:31 AM CST

Associated Case Party: PATRICK COX

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Reese Baker | 1587700 | courtdocs@bakerassociates.net | 3/28/2025 6:33:20 PM | SENT |
| Reese WalkerBaker | | reese.baker@sbcglobal.net | 3/28/2025 6:33:20 PM | SENT |

Associated Case Party: STATE OF TEXAS

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ali Thorburn | | ali.thorburn@oag.texas.gov | 3/28/2025 6:33:20 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ariana Ines | | ariana.ines@oag.texas.gov | 3/28/2025 6:33:20 PM | SENT |

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office

On 07/08/2025 10:41:05

VELVA L. PRICE
DISTRICT CLERK
By Deputy: SH

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Reese Baker on behalf of Reese Baker
Bar No. 1587700
courtdocs@bakerassociates.net
Envelope ID: 104904427
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Cross-Appellant Brief
Status as of 8/27/2025 11:32 AM CST

Associated Case Party: Patrick Cox

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Reese Baker | 1587700 | courtdocs@bakerassociates.net | 8/27/2025 10:31:24 AM | SENT |

Associated Case Party: The State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ali Thorburn | | ali.thorburn@oag.texas.gov | 8/27/2025 10:31:24 AM | SENT |
| Jacob Beach | | jacob.beach@oag.texas.gov | 8/27/2025 10:31:24 AM | SENT |
| Amanda Ruch | | amanda.ruch@oag.texas.gov | 8/27/2025 10:31:24 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ariana Ines | | ariana.ines@oag.texas.gov | 8/27/2025 10:31:24 AM | SENT |